# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

| | | |
|---|---|---|
| **DARENA PRESCOTT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. <u>5:22-CV-89-BJB</u> |
| vs. | ) | |
| | ) | |
| **CENTER FOR** | ) | Removed from McCracken Circuit |
| **COMPREHENSIVE SERVICES,** | ) | Court, Case No. 22-CI-00439 |
| **INC. (d/b/a** | ) | |
| **NEURORESTORATIVE** | ) | |
| **KENTUCKY)**, **THE MENTOR** | ) | |
| **NETWORK**, and **ALBERT** | ) | |
| **KEITH MAINORD**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Center for Comprehensive Services, Inc. ("Defendant"), by and through counsel, hereby files this Notice of Removal, for the purpose of removing to the United States District Court for the Western District of Kentucky at Paducah, the action styled, *Darena Prescott v. Center for Comprehensive Services, Inc.; The Mentor Network; and Albert Keith Mainord,* Case No. 22-CI-00439 (the "State Court Action"), currently pending in the Commonwealth of Kentucky, McCracken Circuit Court. As Defendant shows herein, removal of this case to federal court is timely and proper based on diversity jurisdiction and, as necessary, supplemental jurisdiction. As grounds for removal, Defendant states as follows:

1.      Plaintiff Darena Prescott ("Plaintiff") sued Defendant and Co-Defendants The Mentor Network and Albert Keith Mainord (together "Co-Defendants") in the

Commonwealth of Kentucky, McCracken Circuit Court on June 9, 2022, by filing her Complaint in the State Court Action. *See* **Exhibit A** (State Court Record). This removal is properly within 30 days of service of the Complaint for Defendant.

2.      In the Complaint, Plaintiff purports to set forth nine claims: (1) Negligent entrustment, hiring, retention, supervision, and/or training of employees (against Defendant and Co-Defendant The Mentor Network); (2) Common law gross negligence, negligence (against Defendant and Co-Defendant The Mentor Network); (3) Negligence per se under KRS § 446.070 (based on KRS § 510.110 – "sexual contact") (against Defendant and Co-Defendants); (4) Common law gross negligence, negligence (against Co-Defendant Mr. Mainord); (5) KCRA sexual harassment – hostile work environment (against Defendant and Co-Defendant The Mentor Network); (6) KCRA retaliation (against Defendant and Co-Defendant The Mentor Network); (7) Sexual assault, battery, and harassment under KRS § 525.070 and § 510.010(7) (against Co-Defendant Mr. Mainord); (8) Common law negligent/intentional infliction of emotional distress (against Defendant and Co-Defendants); and (9) Punitive damages (against Defendant and Co-Defendants).

3.      For reasons set forth below, Co-Defendants have been fraudulently joined, and their citizenship should not be considered by the Court in the jurisdictional analysis to follow. Diversity jurisdiction applies because Plaintiff and Defendant are completely diverse and the amount in controversy exceeds $75,000. Supplemental jurisdiction further applies as necessary. The matter belongs in this Court.

**THE MENTOR NETWORK CANNOT BE A PROPER DEFENDANT AND HAS BEEN FRAUDULENTLY JOINED**

4.      Plaintiff purports to bring some of her claims against what purports to be an old brand name of Defendant's parent organization, The Mentor Network. For this purported Co-Defendant, Plaintiff lists the address for service as Carey Boaz, 4026 Old Farm Drive W, Crestwood, KY, 40014.

5.      As a former brand name, rather than a current entity, The Mentor Network does not appear, nor has it ever appeared, as an actual entity in the Kentucky Secretary of State's business records.[1] Plaintiff appears to have derived the attempted service address from an inactive entity known years ago as "The Mentor Network, LLC." However, even if that nomenclature connection had validity (it does not), the Secretary of State administratively dissolved The Mentor Network, LLC on November 1, 2005 – more than sixteen years ago. Where Plaintiff's Complaint alleges that she began work for Defendant on December 2020, *see* ¶ 11, Plaintiff plainly could not have been co-employed by an entity that ceased to exist fifteen years prior.

6.      Plaintiff makes the separate factual allegations that Co-Defendant Mentor "owned and operated" Defendant, *see* ¶ 12, and served as "the parent company of NeuroRestorative," *see* ¶ 49. However, again, even if those conclusions could somehow be drawn from nomenclature (they cannot), the Secretary of State administratively

---

[1]      Plaintiff appears to have become confused by the Kentucky Secretary of State's record for NeuroRestorative Kentucky, which references a principal office of "The Mentor Network, 313 Congress Street, Boston, MA, 02210." Defendant itself formed in Illinois in 1977 and then joined what was known as The MENTOR Network in 1998. On September 22, 2021, The MENTOR Network adopted a new corporate brand – Sevita – but Sevita still receives correspondence sometimes addressed to The MENTOR Network.

dissolved the entity more than fifteen years before Plaintiff alleges to have been employed. Accordingly, it is impossible for Co-Defendant Mentor to be a proper party in this matter.

7.     Where Co-Defendant Mentor has been fraudulently joined in order to attempt to defeat diversity, its citizenship should not be considered in the removal jurisdiction analysis.

**ALBERT KEITH MAINORD LIKEWISE CANNOT BE A PROPER DEFENDANT AND HAS BEEN FRAUDULENTLY JOINED**

8.     Plaintiff also purports to bring some of her claims against an individual, Mr. Mainord, who receives in-home rehabilitation services from Defendant. *See* Complaint ¶ 5 (terming him a "patient"). For this pled Co-Defendant, Plaintiff lists the address for service as Mr. Mainord, 1301 Broadway St., Paducah, KY, 42001, which is the address for the rehabilitation facility where Mr. Mainord receives services.

9.     As Plaintiff well knows, Mr. Mainord experienced a traumatic brain injury prior to her employment and has a resulting health status that reflects impaired decision-making abilities and risk for undue influence by others. To assist Mr. Mainord, he has long had an appointed guardian, including throughout Plaintiff's employment. As a result of this status, Plaintiff's attempted service by certified mail to Mr. Mainord himself at the rehabilitation facility where he receives services plainly fails to comply with Kentucky Civil Rule 4.04 governing personal service.

10.     Either way, Plaintiff's purported claims against Mr. Mainord have obviously dispositive flaws. As to the negligence theories (Counts III, IV, and part of VIII), the Kentucky Workers Compensation Act's exclusivity provision bars such negligence claims

and provides that, as a former employee during the time at issue, Plaintiff's only remedy may be obtained, if at all, through workers compensation. *See, e.g., Boggs v. Appalachian Regional Healthcare, Inc.*, No. 7:20-CV-151-REW, 2021 WL 5413801, at *4 (E.D. Ky. July 16, 2021) (setting out analysis); KRS § 342.690. As to sexual assault, battery, and harassment under KRS § 525.070 and § 510.010(7) (Count VII), Plaintiff missed the statute of limitations. *See Boggs*, 2021 WL 5413801, at *3 (analyzing this issue as well); KRS § 413.140(1)(a). As to the intentional half of the emotional distress claim (part of Count VIII), Plaintiff again missed the statute of limitations, and this tort is an unavailable gap-filler. *See Boggs*, 2021 WL 5413801, at *3, *8 (analyzing this issue as well). Finally, punitive damages (Count IX) cannot stand alone, and where no other claims have any possible viability, this claim likewise fails. *See Crump v. State Farm Mut. Auto. Ins. Co.*, 5:21-CV-229-DCR, 2021 WL 5450448, at *16 (E.D. Ky. Nov. 22, 2021) (analyzing issue).

11.     Where Co-Defendant Mr. Mainord has been fraudulently joined in order to attempt to defeat diversity, his citizenship should not be considered in the removal jurisdiction analysis.

**DIVERSITY JURISDICTION EXISTS**

12.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of Plaintiff and Defendant, the only two parties appropriately to be considered.

13.     For diversity purposes a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Defendant is incorporated in Illinois, and its

principal place of business is Boston, Massachusetts. Accordingly, Defendant is a citizen of Illinois and/or Massachusetts.

14.    Based upon Plaintiff's representations as to her address and residence and her extended duration in the Commonwealth of Kentucky, she is a citizen of Kentucky. *See* Complaint at ¶¶ 1, 2. Upon information and belief, Plaintiff has been a citizen of Kentucky since at least 2003, including addresses in Paducah, Benton, and Kevil.

15.    Thus, the parties are completely diverse for the purposes of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

16.    Although Plaintiff does not articulate a specific amount of damages, the damages claimed by her plainly exceed $75,000.00 exclusive of interests and costs.[2]

17.    Specifically, Plaintiff seeks, in this language of her Complaint, the following relief: "(i) past mental and physical pain, suffering and inconvenience; (ii) future mental and physical pain suffering, and inconvenience; (iii) destruction of Plaintiff's power to labor and earn money; and (iv) miscellaneous expenses incurred by Plaintiff, necessitated by the negligent and/or intentional acts of Defendants.." *See* Complaint at 35-36. Plaintiff then further specifically references ". . . compensatory damages, including non-economic damages; . . . lost income, including back pay and future pay; . . . punitive damages; . . . pre- and post-judgment interest; . . . reasonable attorneys' fees and costs of litigation; and, Any and all other relief to which Plaintiff may be entitled as determined by this Court and/or a jury at trial." *See id.* at 36.

---

[2]    Defendant denies that Plaintiff is entitled to any damages of any nature. The estimated calculations included herein apply only to illustrate the possible amount in controversy and should not be construed as any admission or concession by Defendant relative to damages, if any, that Plaintiff may recover in the instant case.

18.     Where Plaintiff's only viable claims, as pled, arise under the Kentucky Civil Rights Act (and Defendant denies any liability and asserts Plaintiff is not entitled to damages), Defendant focuses on the measures of damages provided by that statute: "actual damages sustained, together with the costs of the law suit, [including] . . . a reasonable fee for the plaintiff's attorney[.]" *See* KRS § 344.450. The other damages pled should not be considered because Plaintiff cannot credibly recover them as a matter of law due to various dispositive flaws in the pleading (and substance) of the claims.

19.     To begin, Plaintiff purports to seek back pay and front pay. During her employment with Defendant, Plaintiff earned $10.00 per hour, which correlates to an annual salary of $20,800.00, conservatively assuming no overtime. Plaintiff was supposed to return from a leave of absence on April 4, 2021, but did not appear for work for more than a month, finally submitting a resignation letter by her counsel dated May 11, 2021. Taking the May 11, 2021, date only for purposes of amount in controversy and very conservatively assuming any trial would not occur for at least a year from today's date results in estimated back pay of $45,066.67 for the amount in controversy. While Plaintiff may seek a lengthier time period, Defendant conservatively assumes she will only seek a year of front pay, which adds another $20,800.00 to the total. All told, the amount in controversy solely related to alleged wage damages equals $65,866.67.

20.     Plaintiff further seeks compensatory damages for alleged emotional distress. Plaintiff's claim for these alleged damages alone exceeds the jurisdictional threshold given the Kentucky Civil Rights Act does not limit the amount of compensatory damages that a plaintiff may recover. *See* KRS § 344.450 (allowing recovery of actual

damages, and placing no limit upon the amount of said recovery). Kentucky juries have awarded six figures in compensatory damages when similar allegations have been proven. *See, e.g., Shana Perry, Damon Harper, and Daryl Quiney v. Autozoners*, No. 3:11-cv-00403-JGH-JDM, DE #107 (Verdict Form reflecting emotional distress awards of $150,000, $100,000, and $100,000 for each plaintiff respectively in sexual harassment and retaliation case); *Mary Banker v. University of Louisville Athletic Association*, No. 08-CI-008225, Verdict Form (reflecting emotional distress award of $300,000 for plaintiff in retaliatory discharge case where plaintiff had reported sexual harassment allegations). Based on this precedent, the amount in controversy fairly and conservatively includes $50,000 for compensatory damages.

21.     Finally, the amount in controversy requirement is further met by Plaintiff seeking attorney fees as authorized by statute for her claims. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007); *Carrolton Hospitality LLC v. Kentucky Insight Partners II LP*, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that estimated attorney fees of close to 50% of damages claims is "not an unreasonable estimate" for the purposes of determining the amount in controversy). Based on the conservative calculations above totaling $115,866.67 relative to the amount in controversy, under District Judge Van Tatenhove's 50% time-of-removal calculus, Plaintiff's request for attorney fees yields an additional $57,933.34 to the amount in controversy.

22.     Based on these calculations set out solely for purposes of calculating the amount in controversy, removal is proper because the amount in controversy exceeds

the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

23.   In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 for both claims because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## SUPPLEMENTAL JURISDICTION

20.   To the extent the Court disagrees that it possesses jurisdiction over any claim pled by Plaintiff, the Court has supplemental jurisdiction over these claims.

21.   Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, the claims asserted by Plaintiff relate to the same alleged events – alleged mistreatment of Plaintiff regarding an alleged incident during her employment, ultimately including her voluntary resignation from employment.

Wherefore, Defendant prays that this Court assume control over this action as this action is properly removed on the grounds of diversity jurisdiction and, if necessary, supplemental jurisdiction.

This 13th the day of July, 2022.

Respectfully submitted,

 */s/ Jay Inman*_____
Jay Inman
Amanda L. Combs
LITTLER MENDELSON, P.S.C.

9

333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: (859) 317-797
JInman@littler.com
ALCombs@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 13th day of July, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have served the following persons directly as well:

Mark P. Bryant
Teris Swanson
BRYANT LAW CENTER, PSC
601 Washington Street
Paducah, Kentucky 42001
Telephone: (502) 442-1422
mark.bryant@bryantpsc.com
teris.swanson@bryantpsc.com

Michael G. Mann
THE COCHRAN FIRM ORLANDO, LLC
605 East Robinson Street, Suite 140
Orlando, Florida 32801
Telephone: (407) 271-8590
mmann@cochranfirmorlando.com

*/s/ Jay Inman*
Jay Inman
*Counsel for Defendant*